UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| DONNITA ROBINSON, *et al.*, | ) |
| Plaintiffs, | ) Civil No. 3:17-cv-00097-GFVT |
| V. | ) **MEMORANDUM OPINION** |
| SHELBY COUNTY, KENTUCKY, *et al.*, | ) **&** |
| Defendants. | ) **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon Plaintiffs Mercedes Castillo, Alicia Quire, and Donnita Robinson's Motions in Limine, Motion to Bifurcate Trial, and Supplement to the Motion to Bifurcate. [R. 195; R. 196; R. 207.] The Plaintiffs first seek to exclude evidence that Robinson allegedly offered to pay her cellmate in exchange for favorable testimony. In the alternative, the Plaintiffs seek to bifurcate Robinson's claims against the Defendants from those of Quire and Castillo. For the reasons that follow, the Motion in Limine and Motion to Bifurcate are **DENIED**.

I

Plaintiffs Robinson, Quire, and Castillo were inmates at the Shelby County Detention Center who allegedly suffered sexual abuse by jail staff in late 2016. [R. 9.] In their operative Complaint—the Third Amended Complaint—they bring claims against Shelby County and various employees of the Shelby County Detention Center alleging violations of 42 U.S.C § 1983 and state law. *Id.* The case proceeded through discovery and summary judgment and is now ready to be set for trial on the remaining claims. [*See* R. 140; R. 149.]

The Plaintiffs now move to bifurcate Robinson's trial from Quire and Castillo's. [R. 196.] Their Motion is based on the expected testimony that Robinson offered to pay another inmate to provide testimony against Defendant Votaw. [R. 196 at 1.] This testimony does not indicate Quire or Castillo were involved in the alleged offer and Quire and Castillo do not raise claims against Defendant Votaw. *Id.* The Plaintiffs argue for bifurcation because this testimony is irrelevant to Quire and Castillo's claims, would unduly prejudice them, and would confuse the jury. *Id.* at 2-3.

The parties addressed this Motion with the Court in their Final Pre-Trial Conference on September 15, 2021. [R. 209.] In that Conference, the Defendants confirmed they do not intend to imply in their opening statements that Quire and Castillo participated in this offer. *Id.* at 15-17. This confirmation assuaged concerns the Court may have had about trying these claims together. *Id.* at 17 ("So with that, I think it's less necessary that we bifurcate this case.") In response, counsel for the Plaintiffs raised a concern with Robinson's competency and ability to participate in the trial. *Id.* at 18. The Court then held an in camera, ex parte hearing with the Plaintiffs' counsel to learn the specifics of their concern and determine how to proceed. *Id.* at 22-26.

Following this hearing, the Court ordered the Plaintiffs to supplement their Motion to Bifurcate, specifically addressing whether Robinson is competent to testify, whether an examination pursuant to Federal Rule of Civil Procedure 35(a) is necessary, and any other requested relief. [R. 203.] The Plaintiffs' Supplement indicates they believe Robinson is competent to testify and an examination is not necessary. [R. 207.] Regardless, they argue the trial should still be bifurcated because Robinson may make irrelevant statements on the stand. Though she is almost certain to be a witness in both trials, the Plaintiffs argue her involvement

would be more limited in a bifurcated trial, lessening negative impact from such statements. *Id.* at 2. Four Defendants responded, presenting various arguments against bifurcation. These are largely based on judicial economy, burden on the parties, and the ability of a jury to separate the claims. [R. 211; R. 212; R. 213.] The Defendants also argue that the Plaintiffs' assertion that Robinson is competent to testify weighs strongly against bifurcation and that the possibility of her making irrelevant statements does not justify bifurcation. *Id.*

## II

### A

The Plaintiffs make their Motion to Bifurcate in the alternative to their Motion in Limine to exclude testimony about Robinson's alleged payment in exchange for testimony. [R. 196 at 1.] Therefore, as an initial matter, the Court must rule on the Motion in Limine.[1] [R. 195 at 5-6.] The Plaintiffs argue this evidence should be excluded because it is irrelevant and unduly prejudicial to Quire's and Castillo's claims. *Id.*

First, this evidence is relevant. While it is true that this testimony does not tend to make Quire or Castillo's claim more or less probable, it does affect the credibility of Robinson's claim. *See United States v. Mendez-Ortiz*, 810 F.2d 76, 79 (6th Cir. 1986) (upholding admission of similar evidence challenged under Fed. R. Evid. 404(b)). Evidence does not, as the Plaintiffs suggest, need to be relevant to each claim in an action to be relevant. [*See* R. 195 at 5.] Federal Rule of Evidence 401 only requires evidence make *a* "fact more or less probable," not every fact or every claim. This evidence, if elicited at trial and deemed credible by the jury, would have a tendency to make Robinson's claim that Votaw abused her less probable. *Mendez-Ortiz*, 810 F.2d at 79 ("The fact that defendant attempted to bribe and threaten an adverse witness indicates

---

[1] The Court will only rule on this specific Motion in Limine because it is necessary to resolve the Motion to Bifurcate. The remaining Motions in Limine will be resolved closer to trial.

'his consciousness that his case is a weak or unfounded one; and from that consciousness may be inferred the fact itself of the cause's lack of truth and merit.'" (quoting II Wigmore, Evidence § 278 (Chadbourn Rev.1979))). The testimony that Robinson offered to pay a witness to testify in her favor against Votaw is relevant.

Further, the undue prejudice of the evidence does not substantially outweigh its probative value. The Plaintiffs argue this evidence will be unfairly attributed to Quire and Castillo and this attribution is so prejudicial the jury will be poisoned against them. [R. 195 at 5-6.] The testimony is probative because an offer to pay for testimony weakens Robinson's claim. *See Mendez-Ortiz*, 810 F.2d at 9. Conversely, the potential of unfair prejudice to the other plaintiffs is not significant enough to "substantially outweigh" that probative value. Fed. R. Evid. 403.

It is far from a foregone conclusion that the expected testimony will implicate Quire or Castillo, or that opposing counsel will imply their involvement. Counsel for the Defendants confirmed that they do not intend to argue in their opening statements that Quire or Castillo were involved in the alleged payment. [R. 209 at 15-17.] Though some attorneys did indicate there may be grounds to infer the other Plaintiffs' involvement, it is unclear at this point whether testimony to that end will be elicited. As the Court stated in the final pretrial conference, "[if] there's no evidence of it; I'm not going to allow counsel to argue it." *Id.* at 14. If no testimony is elicited implicating the other Plaintiffs, the jury is fully capable of distinguishing that the testimony is relevant to Robinson's claim only. Further, if a party improperly implies involvement, the Court could consider a curative instruction.

Even if such testimony is proffered, its prejudice to Quire and Castillo may not necessarily be unfair. Some of the Defendants suggested they may question this witness about Quire and Castillo's involvement in some general scheme with Robinson. [R. 209 at 9-12.] If

4

there is a witness who testifies to that end under oath, such information would not be "unfairly" prejudicial. Rather, any effect on Quire and Castillo's claims would be "damage . . . that results from the legitimate probative force of the evidence." *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2008) (quoting *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir.1993)).

Ultimately, it is inappropriate to preclude this evidence for its potential to unfairly prejudice Quire and Castillo before the testimony occurs. It is unclear at this point whether they will be implicated and, if so, whether prejudice resulting from that implication would be unfair. If they are not implicated, a jury will be able to distinguish that the evidence is relevant to Robinson's claim alone. The testimony about Robinson's alleged offer of payment in exchange for testimony is admissible under Federal Rules of Evidence 401 and 403.

B

Federal Rule of Civil Procedure 42(b) provides that "for convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). In determining whether to grant a motion to bifurcate, the Court considers "the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy." *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007). Bifurcation is justified if one of these criteria are satisfied. *Saxion v. Titan-C-Manufacturing, Inc.*, 86 F.3d 553, 556 (6th Cir, 1996).

Plaintiffs present the same argument for prejudice and juror confusion: testimony that Robinson offered payment in exchange for testimony will be unfairly attributed to Quire and Castillo. [R. 196.] As explained above, the testimony may not implicate Quire and Castillo. It is also possible that they will be *fairly* implicated in the testimony, which does not constitute prejudice warranting bifurcation. Instructions may also be used to emphasize to the jury the

5

proper applicability of this testimony. Accordingly, the case should not be bifurcated into multiple trials based on the potential of prejudice to Quire and Castillo .

As to the possibility of a jury being confused by this potential testimony, juries regularly resolve cases involving distinct claims and parties. The Court agrees with the Defendants that the Plaintiffs' argument discredits the jury's ability to separate claims and defenses. Any particularly confusing testimony could be mitigated "through use of cautionary warnings, limiting instructions, special verdict forms, and other instructions to the jury." *Rothstein v. Steinberg*, No. 5:08-cv-0673, 2008 WL 5716138, at *2 (N.D. Ohio June 9, 2008); *see* Fed. R. Evid. 105.

The Plaintiffs also raise a concern that Robinson may make irrelevant statements on the stand. [R. 207 at 2.] They recognize she would likely be called in both trials if the claims are bifurcated, but that "her involvement would be less than in a non-bifurcated trial." *Id.* This possibility is insufficient to warrant bifurcation. A potential that more irrelevant evidence may be presented in a non-bifurcated trial as compared to a bifurcated trial is not an enumerated ground for bifurcation. *See* Fed. R. Civ. P. 42(b). Counsel for the parties are well equipped to object to irrelevant evidence if it is presented during trial. Further, if it becomes necessary, the Court can consider instructing the jury to not consider irrelevant evidence.

Finally, convenience and economy do not justify bifurcation. Robinson raises many overlapping claims against Defendants shared with Quire and Castillo. [*See* R. 9.] These claims share many of the same witnesses and much of the same evidence. [*See, e.g.* R. 170; R. 171; R. 174; R. 175; R. 179.] The Plaintiffs concede that judicial economy would suffer from bifurcation. [R. 196.]

### III

The facts of the case do not warrant bifurcation of Plaintiff Robinson's claims from those of Quire and Castillo. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED:**

1. The Plaintiffs' Motion in Limine to exclude evidence that Robinson offered to pay a cellmate for testimony **[R. 195 at 5-6]** is **DENIED**;

2. The Plaintiffs' Motion to Bifurcate **[R. 196]** is **DENIED**, and;

3. This matter is set for a telephonic scheduling conference on **Thursday, January 6, 2022** at **10:00 a.m.** to set the case for trial, with the Court sitting in Frankfort, Kentucky. The parties should be prepared to discuss potential trial dates. To join the teleconference, the parties are directed to call AT&T Teleconferencing at 1-877-336-1280 and enter Access Code 2086161 (followed by #), and, when requested, enter the Security Code 09170 (followed by #).

This the 13th day of December, 2021.

Gregory F. Van Tatenhove
United States District Judge