UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| DONNITA ROBINSON, *et al.*, | ) |
| | ) Civil No. 3:17-cv-00097-GFVT |
| Plaintiffs, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) **&** |
| SHELBY COUNTY, KENTUCKY, *et al.*, | ) **ORDER** |
| | ) |
| Defendants. | ) |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court upon Plaintiffs Mercedes Castillo and Alicia Quire's Second Motion to Bifurcate Trial from their co-Plaintiff Donnita Robinson. [R. 225.] Ms. Robinson's counsel recently withdrew his representation of her, so she is currently unrepresented. [R. 243.] She is also the subject of a pending motion to compel her to execute settlement documents with one of the Defendants. [R. 231.] Ms. Quire and Ms. Castillo believe they will be prejudiced by proceeding to trial with Ms. Robinson. [R. 225.] For the reasons that follow, the Motion to Bifurcate [R. 225] is **GRANTED**.

I

Plaintiffs Robinson, Quire, and Castillo were inmates at the Shelby County Detention Center who allegedly suffered sexual abuse by jail staff in late 2016. [R. 9.] In their operative Complaint—the Third Amended Complaint—they brought claims against Shelby County and various employees of the Shelby County Detention Center alleging violations of 42 U.S.C § 1983 and state law. *Id.* The case proceeded through discovery and summary judgment and was set to go to trial in late 2021. [*See* R. 140; R. 149.] Shortly before the final pre-trial conference, the Plaintiffs moved to bifurcate Ms. Robinson's claims from those of her co-Plaintiffs, arguing

that her anticipated testimony would prejudice the other Plaintiffs. [R. 196.] When discussing the possibility of bifurcation at the final pre-trial conference, a concern regarding Ms. Robinson's competency arose. [*See* R. 209 at 18-19.] The Court ultimately denied the motion to bifurcate, but the competency issue delayed trial. [*See* R. 203; R. 217.] Trial is now set to begin on October 11, 2022. [R. 220.]

The Plaintiffs move again to bifurcate Ms. Robinson's trial from Ms. Quire and Ms. Castillo's. [R. 225.] Mr. Aaron Bentley, who served as counsel for all three Plaintiffs, simultaneously moved to withdraw his representation of Ms. Robinson because his relationship with her "has completely broken down," they have irreconcilable differences, continued representation would violate the Kentucky Rules of Professional Conduct, and more. [R. 224.] The motion to withdraw was granted, leaving Ms. Robinson unrepresented. [R. 243.] Ms. Quire and Ms. Castillo argue that her lack of representation will prejudice them if she is included in their trial. [R. 225.] The Defendants oppose the request and all advocate for a joint trial. [R. 229; R. 230; R. 232.] The matter has been fully briefed and is ripe for review.

## II

### A

Ms. Quire and Ms. Castillo seek bifurcation because they will be prejudiced by the likely delay caused by Ms. Robinson's assumed inability to obtain new counsel or prepare to proceed to trial *pro se*. [R. 225 at 2.] They raise additional concerns with Ms. Robinson's participation by suggesting that "a subpoena would be necessary to secure Robinson's appearance" and that there is a "possibility of Robinson not appearing." *Id.*

In opposition, Defendants Waits and Aldridge argue that mere delay is not sufficiently prejudicial to warrant bifurcation and that they would be prejudiced by having to "conduct

repetitive trials." [R. 229 at 4.] They believe that this and the prior motion to bifurcate are attempts by Ms. Quire and Ms. Castillo to distance themselves from anticipated unfavorable testimony from Ms. Robinson. *Id.* at 5. Defendant Quijas adopted this argument. [R. 230.] Defendant Votaw also adopted this argument and added that "Robinson has placed herself in this position by refusing to honor the agreement and refusing to cooperate with her current counsel." [R. 232 at 2.]

In addition to the briefing on the motion to bifurcate, the Court will rely on information about Ms. Robinson's participation in this matter, learned when Mr. Votaw filed a motion to compel her to sign documents memorializing an alleged settlement agreement. [R. 231.] Mr. Bentley responded on behalf of Ms. Quire and Ms. Castillo, stating that they took no position on the motion but that he could not respond on Ms. Robinson's behalf because of a conflict of interest. [R. 234.] The Court ordered counsel to explain this conflict in more detail, which he did in a sealed *ex parte* filing. [R. 238.] This filing shed light on Ms. Robinson's intentions in this matter, which influence the Court's bifurcation analysis. However, it contains many representations subject to attorney-client privilege, so the Court will not specifically refer to them out of respect for that privilege.

**B**

Where do these disparate circumstances and motions leave this case? This dispute has been pending for nearly five years. The Court and parties were prepared to proceed to trial a year ago, but a late concern involving Ms. Robinson caused a delay. [*See* R. 217.] Now, trial is rapidly approaching and issues with Ms. Robinson have arisen again. She is no longer represented, is apparently unwilling to participate at trial unless subpoenaed, is the subject of a motion to compel, and failed to comply with the magistrate judge's order to respond (which was

3

served on her at her last known address). [R. 243; R. 225 at 2; R. 231; R. 226; R. 228.] Further, Mr. Bentley's representations in the sealed filing make the Court concerned that Ms. Robinson's involvement in trial will pose a number of additional challenges. [R. 238.]

      Federal Rule of Civil Procedure 42(b) provides that "for convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Bifurcation is justified if just one of these criteria is satisfied. *Saxion v. Titan-C-Manufacturing, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996). In determining whether to grant a motion to bifurcate, the Court considers "the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy." *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007). This inquiry "is dependent on the facts and circumstances of each case." *Saxion*, 86 F.3d at 556 (citing *Idzojtic v. Pennsylvania Rr. Co.*, 456 F.2d 1228 (3d Cir. 1972)). The Court has broad discretion in determining whether to bifurcate trials. *Id.*

      In one sense, bifurcation will be inconvenient and uneconomical because separate trials on largely the same claims duplicate the parties', witnesses,' and Court's efforts. The Court denied the parties' first motion to bifurcate for these reasons. [R. 217 at 5-6.] But the Court finds that the circumstances which now surround Ms. Robinson would make a joint trial more inconvenient and uneconomical than separate trials. Because she is no longer represented by the same counsel as her co-Plaintiffs, her case will likely be made separately from theirs, minimizing the economic benefit of proceeding to trial together. She is currently expected to proceed *pro se* because she has not obtained new counsel or indicated an intent to do so. Naturally, *pro se* representation will exacerbate this inefficiency. Her trial will also be complicated by the pending motion to compel, which does not implicate her co-Plaintiffs and may terminate some of

4

the claims she currently shares with them.  [*See* R. 231.]  Collectively, the only outstanding issues in this matter implicate Ms. Robinson and not her co-Plaintiffs.  Her participation in a joint trial will make it less, rather than more, convenient and economical.  This is exacerbated by the fact that it appears Ms. Robinson is not actively involved in this case and does not intend to participate unless subpoenaed.  [*See* R. 225 at 2.]

All of the parties would also be prejudiced by a joint trial.  Ms. Robinson is unlikely to be able to participate in the currently scheduled trial because there are outstanding uncertainties regarding her representation and potential settlement with one of the defendants.  These uncertainties must be resolved before she can proceed to trial.  The parties have been waiting nearly five years to try this case.  They should not be made to wait indefinitely to proceed to trial while the issues regarding Ms. Robinson are resolved, which will take even longer due to her apparent lack of intent to participate in this matter.  Requiring Ms. Robinson to participate in a joint October trial would prejudice her because she would have had just twenty-one days to obtain new counsel and have them prepare for trial or prepare for trial herself.  The Court recognizes that the Defendants would be prejudiced by having to participate in duplicate trials.  However, this prejudice is outweighed by Ms. Quire and Castillo's need to resolve their claims, the Defendants' interest in finally resolving those claims, and Ms. Robinson's need to prepare for trial.

Defendant Votaw argues that Ms. Robinson "has placed herself in this position by refusing to honor the agreement and refusing to cooperate with her current counsel."  [R. 232 at 2.] Regardless of Ms. Robinson's culpability in her current predicament, she only knew she needed new representation twenty-one days before trial and even diligent pursuant of new counsel would not allow her to be prepared.  The bifurcation inquiry is fundamentally rooted in

5

fairness to the parties. *In re Benedictin Litigation*, 857 F.2d 290, 307 (6th Cir. 1988) ("The principal purpose of the rule is to enable the trial judge to dispose of a case in a way that both advances judicial efficiency and is fair to the parties.") Forcing Ms. Robinson to proceed to trial at this stage would be unfair. The fairer approach is to bifurcate Ms. Robinson's trial, resolve the outstanding issues involving her, and proceed to trial on her co-Plaintiffs' claims.

Ultimately, the issues surrounding Ms. Robinson will delay and prejudice the litigation of her co-Plaintiffs' claims. *See id.* (citing 9 C. Wright, A. Miller & F. Elliott, Federal Practice & Procedure, § 2388 at 279 (1971 & Supp. 1987)). Her lack of representation, failure to respond, and apparent lack of intention to proceed with this case would burden a joint trial, making it inconvenient and uneconomical and prejudicing all of the parties. "The major consideration is directed toward the choice most likely to result in a just final disposition of the litigation." *Id.* (quoting *In re Innotron Diagnostics*, 800 F.2d 1077, 1084 (Fed. Cir. 1986)). Bifurcated trials most closely achieve this goal; the parties will finally dispose of Ms. Quire and Ms. Castillo's claims and Ms. Robinson will not have to be represented by herself or unprepared counsel. The Court grants the motion to bifurcate because convenience, prejudice, and expedition and economy all weigh in favor of bifurcation.[1]

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby ORDERED as follows:

1. The Plaintiffs' Motion to Bifurcate **[R. 225]** is **GRANTED**;

---

[1] The Defendants also suggest that Ms. Quire and Ms. Castillo seek bifurcation to distance themselves from anticipated unfavorable testimony. [R. 229 at 5.] To the extent the Defendants believe she will provide helpful testimony and that they will be prejudiced by her not attending Ms. Quire and Ms. Castillo's trial, they are free to ensure her participation through a subpoena.

2. The Final Pre-Trial Conference and Trial as to Plaintiffs Quire and Castillo **SHALL** go forward as scheduled;

3. The Final Pre-Trial Conference and Trial as to Plaintiff Robinson are **CONTINUED GENERALLY**, to be rescheduled following resolution of the pending Motion to Compel [R. 231], and;

4. The Clerk is **DIRECTED** to serve a copy of this Order on Ms. Robinson at her last known address, as provided pursuant to the Court's Order at [R. 243], and;

5. Ms. Robinson is **ORDERED** to inform the Court within **thirty (30) days** of service of this Order whether she intends to proceed *pro se* or obtain new counsel.

This the 21st day of September, 2022.

Gregory F. Van Tatenhove
United States District Judge