UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CIVIL ACTION NO. 3:17-CV-00097-GFVT-EBA

DONNITA ROBINSON, *et al.*,  PLAINTIFFS,

V.  **ORDER**

SHELBY COUNTY, KENTUCKY, *et al.*,  DEFENDANTS.

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on a Joint Motion by counsel Aaron Bentley and Michele Henry for the withdrawal of Ms. Henry as counsel for all Plaintiffs. [R. 254]. As background, Mr. Bentley moved for the withdrawal of "Aaron Bentley, Gregory A. Belzley, and the firm of Belzley, Bathurst, and Bentley" as to Plaintiff Donnita Robinson on September 5, 2022. [R. 224]. Ultimately, the Court granted Mr. Bentley's motion. [R. 243]. Evidently, Ms. Henry still remains counsel of record for all three Plaintiffs. The Joint Motion explains that Ms. Henry was formerly partnered with Mr. Bentley, but that association ended in 2018. [R. 254 at pg. 1]. The Joint Motion further proffers that "Ms. Henry has not had an active attorney-client relationship with Plaintiffs and has not been involved in this litigation in any respect" since that time. [*Id.*]. However, as Ms. Henry never sought the Court's leave to withdraw as counsel, she remains counsel of record for all three Plaintiffs.

Local Rule 83.6 provides in relevant part:

Unless a compelling reason exists, an attorney of record is not permitted to withdraw within twenty-one (21) days of trial or a hearing on any motion for judgment or dismissal. At any other time, an attorney of record may withdraw from a case only under the following circumstances:

> (a) The attorney files a motion, his or her client consents in writing, and another attorney enters his or her appearance; or
>
> (b) The attorney files a motion, certifies the motion was served on the client, makes a showing of good cause, and the Court consents to the withdrawal on whatever terms the Court chooses to impose.
>
>   . . .

L.R. 83.6(a)–(b).  The Court first notes that this motion would ordinarily be improper, as trial was a mere week away at the time of the motion, where the rule requires such motions to be made "within twenty-one (21) days of trial."  L.R. 83.6.  However, the movants claim—and the record verifies—that Ms. Henry has not played an active role in the litigation for some time.  Since the filing of the Third Amended Complaint, [R. 9] (filed January 1, 2018), neither Ms. Henry's name nor signature appear on papers filed by the Plaintiffs.  Moreover, Plaintiffs Alicia Quire and Castillo have advised the Court that they have reached a settlement as to their claims.  The imminent settlement, paired with Ms. Henry's inactivity in this matter for over four years, constitutes a "compelling reason" to consider the instant motion.

Ms. Henry's withdrawal as to Plaintiffs Quire and Castillo is proper, as she has obtained their consent in writing, and they will continue to be represented by Mr. Bentley and Mr. Belzley.  L.R. 83.6(a).  However, as to Plaintiff Donnita Robinson, the movants do not indicate that they have received her written consent, nor do they certify that the motion has been served upon Robinson.  Thus, under the Local Rules, Ms. Henry's withdrawal is not currently permitted as to Plaintiff Robinson.  Considering the full record, and the Court being otherwise sufficiently advised,

> **IT IS ORDERED** that:
>
> 1. Mr. Bentley and Ms. Henry's Joint Motion, [R. 254] is **GRANTED** in part, only as to Plaintiffs Quire and Castillo; and
>
> 2. Ms. Henry is **DIRECTED** to show cause that the Joint Motion to Withdraw, [R. 254],

has been served upon Plaintiff Robinson at her last known address within seven (7) days of entry of this Order.

Signed October 14, 2022.

Signed By:
**Edward B. Atkins** *EBA*
United States Magistrate Judge