UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| DONNITA ROBINSON, | ) | |
| | ) | Civil No. 3:17-cv-00097-GFVT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| SHELBY COUNTY, KENTUCKY, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

This matter is before the Court on three Motions to Dismiss and a Motion to Compel Settlement.  [R. 231; R. 267; R. 268; R 269.]  Three plaintiffs filed this action alleging widespread sexual abuse at the Shelby County jail.  [*See* R. 9.]  Divisions have arisen between Plaintiff Robinson and her co-Plaintiffs and their prior counsel throughout this case.  Now, Ms. Robinson is the only remaining Plaintiff, is unrepresented, and has not communicated with the Court or responded to any of its orders.  Because Ms. Robinson failed to prosecute her claims, the Motions to Dismiss **[R. 267; R. 268; R 269]** are **GRANTED**.  The Motion to Compel her to execute settlement documents **[R. 231]** is **DENIED AS MOOT**.

**I**

The three Plaintiffs were all jailed at the Shelby County Detention Center, where they allege they were abused by jailers, which supervisors ignored.  [R. 9.]  The parties conducted discovery from early 2018 to mid-2019.  Some of the Plaintiffs' claims survived summary judgment and were set to proceed to trial in September 2021.  [R. 140; R. 149; R. 156.]  The Plaintiffs moved to bifurcate Ms. Robinson's trial from that of Ms. Quire and Ms. Castillo because of expected testimony that Ms. Robinson offered to pay inmates for favorable testimony.

[R. 196.]  At the final pre-trial conference, the Court signaled that bifurcation was unnecessary. [R. 209 at 17.]  Counsel for the Plaintiffs then raised a concern with Ms. Robinson's competency and ability to participate in trial.  *Id.* at 18.  The Court continued trial and ordered supplemental briefing.  [R. 203.]  The Plaintiffs then indicated Ms. Robinson is competent to proceed to trial, but still sought bifurcation.  [R. 207.]  The Court denied the Motion to Bifurcate and set trial for October 2022.  [R. 217; R. 220.]

Five weeks before trial, counsel for the Plaintiffs moved to withdraw his representation of Ms. Robinson and filed a related Motion to Bifurcate trial between Ms. Robinson and her co-Plaintiffs.  [R. 224.]  Counsel indicated that he and Ms. Robinson have "irreconcilable differences concerning all remaining aspects of this case, the attorney-client relationship has completely broken down, Robinson has not kept counsel informed of current contact information, and Robinson has failed to fulfill an obligation such that continued representation would result in an unreasonable financial burden for counsel."  *Id.* at 2-3.  He stated that Ms. Robinson did not object to his withdrawal.  *Id.* at 2.

Magistrate Judge Atkins granted the Motion to Withdraw.  [R. 243.]  Consequently, the Court granted the Motion to Bifurcate and generally continued Ms. Robinson's trial.  [R. 244.] The trial continuance was specifically tied to resolution of Defendant Votaw's Motion to Compel Ms. Robinson to execute settlement documents, which remains pending.  [R. 231.]  That Motion alleges that Ms. Robinson settled her claim against Defendant Votaw and seeks enforcement of the agreement.  *Id.*

The Court directed the clerk's office to serve the Order bifurcating trial on Ms. Robinson at her last known address, which her prior counsel filed at the Court's request.  [R. 244 at 7.] The Order was returned as undeliverable, signaling that Ms. Robinson no longer resides at her

last known address.  [R. 256.]  The Clerk forwarded the Order to the forwarding address provided on the returned letter.  *Id.*  Within that Order, the Court also ordered Ms. Robinson to inform the Court within thirty days of service whether she intended to proceed *pro se* or obtain counsel.  [R. 244.]  Judge Atkins also ordered Ms. Robinson's withdrawn counsel to serve her with a copy of the order granting the Motion to Withdraw.  [R. 243 at 2.]  He confirmed that he sent the order by certified mail to Ms. Robinson's last known address.  [R. 248.]  That order required Ms. Robinson to advise the clerk of her current address and respond to the Motion to Compel.  [R. 243.]  So, Ms. Robinson was under three court orders at this point.  She did not comply with any of them and has not otherwise communicated with the Court.

The Defendants filed three Motions to Involuntarily Dismiss Ms. Robinson's claims against them under Rule 41(b).  [R. 267; R. 268; R. 269.]  Defendants Quijas and Votaw filed separate Motions to Dismiss which adopt and incorporate Waits and Aldridge's Motion.  [R. 268; R. 269.]  Defendant Votaw also stated that his pending Motion to Compel would be moot if the Court grants the Motion to Dismiss.  [R. 269 at 2.]

## II

Federal Rule of Civil Procedure 41(b) states that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  District courts may use this rule "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).  Courts consider four factors to determine whether they should dismiss an action under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* (citing *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* Dismissing a claim for failure to prosecute is a harsh sanction that is only appropriate in extreme situations. *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir.2005).

First, numerous filings demonstrate that Ms. Robinson does not intend to proceed with this action. Her prior counsel indicated that Ms. Robinson would not participate in trial of her own accord, stating that he "expects that a subpoena would be necessary to secure Robinson's appearance [at trial] regardless of the Court's ruling" on the Motion to Bifurcate. [R. 225 at 2.] An *ex parte* filing detailing the dispute between Ms. Robinson and her prior counsel shed more light on this statement. [R. 238.] While the attorney-client privilege protects the details of that filing, its contents further support this order.

Ms. Robinson's failure to prosecute appears willful because she has failed to respond to multiple Orders. [*See, e.g.* R. 226; R. 243; R. 244; R. 264.] Judge Atkins ordered her to respond to her attorney's Motion to Withdraw. [R. 226.] When Judge Atkins granted that Motion, he ordered her to advise the Court of her current address. [R. 243.] In granting the Motion to Bifurcate her trial from that of her co-Plaintiffs, the Court ordered her to indicate her intent to proceed *pro se* or find new representation. [R. 244.] Ms. Robinson did not comply with any of these Orders, nor has she communicated with the Court in any other way.

Her prior counsel was ordered to serve her with two of these orders at her last known address, and he confirmed that he did so. [R. 226; R. 228; R. R. 243; R. 248.] The Court also ordered the Clerk of Court to serve her with the order bifurcating her trial at her last known

address.  [R. 244.]  That attempt was returned as undeliverable but the Clerk resent it to the forwarding address provided by the postal service.  [R. 256.]  Ms. Robinson never responded.  It is possible that she has not received these Orders because the filing sent to her last known address was returned as undeliverable.  [R. 256.]  The clerk re-sent it to the forwarding address, and this mailing was not returned, but this does not guarantee receipt.  *Id.*  Nevertheless, the Court made every effort to ensure Ms. Robinson received these Orders.  It is also reasonable to expect her to keep tabs on an active case that she is aware she is involved in, which she has not done.  Ultimately, there is a "clear record of delay or contumacious conduct by the plaintiff" that justifies involuntary dismissal.  *Knoll*, 176 F.3d at 363.

Second, the Defendants are prejudiced by Robinson's inaction because, as long as the action remains pending, they are subject to potential liability.  Third, one of the Court's Orders directed Ms. Robinson to Local Rule 5.3, which warns that *pro se* litigants' cases may be dismissed if they fail to maintain an updated address.  [R. 243.]

Finally, the lesser sanction of dismissal without prejudice is available and appropriate. The Defendants all seek dismissal with prejudice.  [R. 267; R. 268; R. 269.]  But the Court finds that dismissal without prejudice is more appropriate.  The Court cannot be sure that Ms. Robinson is aware of its recent Orders because they were sent to an address from which one Order was returned undeliverable.  [*See* R. 256.]  This would have been avoided by compliance with Local Rule 5.3, which imposes on *pro se* parties an ongoing duty to apprise the Court of their current address.  There is a possibility, albeit a farfetched one, that Ms. Robinson is entirely unaware of the Court's Orders and believes she is still represented.  Because this possibility exists, dismissal without prejudice more accurately balances "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits."  *Muncy*

*v. G.C.R., Inc.*, 110 Fed. App'x 552, 557 n.5 (6th Cir. 2004).  District Courts frequently dismiss *pro se* actions without prejudice when mail is repeatedly returned as undeliverable.  *See, e.g.*, *Turner v. Bryant*, 2020 WL 3979692 (M.D. Tenn. June 9, 2020); *Fisher v. Samuthram*, 2018 WL 684676 (S.D. Ohio Feb. 2, 2020).

### III

Overall, Ms. Robinson has had multiple opportunities to communicate with the Court and explain her absences or otherwise express her intent to proceed with this case.  She has not done so.  Accordingly, it is hereby **ORDERED** as follows:

1. The Defendants' Motions to Dismiss **[R. 267; R. 268; R. 269]** are **GRANTED**;

2. Plaintiff's claims in this matter are **DISMISSED WITHOUT PREJUDICE** for failure to prosecute; and,

3. Defendant Votaw's pending Motion to Compel **[R. 231]** is **DENIED AS MOOT**.

This the 18th day of January, 2023.

Gregory F. Van Tatenhove
United States District Judge

6